TYEE CONSOLIDATED MINING CO. v. JENNINGS.

(Circuit Court of Appeals, Ninth Circuit. May 1, 1905.)

No. 1,101.

1. MINING CLAIMS—ADVERSE POSSESSION—COMMENCEMENT.

Adverse possession of a mining claim in the territory of Alaska, as against the locator or his successors in interest, cannot be instituted before the issuance of a patent therefor by the United States.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Adverse Possession, § 35.]

2. SAME—SUSPENSION OF STATUTE.

Code Civ. Proc. Or. § 4, providing that in all cases where a cause of action has already accrued, and the period provided within which an action might be brought has expired or will expire within one year from the approval of the act, an action may be brought on such cause within a year from the date of such approval, having operated to its full extent in the territory of Alaska when it was first introduced into the Alaska law by Act Cong. May 17, 1884 (chapter 53, 23 Stat. 24), it did not again become operative on being re-enacted into the Alaska Code of Civil Procedure by Act Cong. June 6, 1900 (chapter 786, 31 Stat. 321).

. In Error to the District Court of the United States for the First Division of the District of Alaska.

The plaintiff in error brought an action in ejectment on the 3d day of June, 1901. against the defendant in error, in the United States District Court for the District of Alaska, to recover the possession of a tract of land described as a mining claim situated on Douglas Island, Alaska, and known as the "Julia Lode Claim." It was alleged in the complaint that plaintiff and its grantors had been the owners of the Julia lode claim at all times since December 26, 1890, at which date plaintiff's grantor, N. W. Murry, became possessed of a fee-simple title to said claim by virtue of a United States mineral patent issued on that date by the President of the United States. It was further alleged that, while plaintiff was so possessed, defendant, on or about June 7, 1900, without right or title so to do, entered thereon and ousted and ejected plaintiff therefrom, and since then has continued to withhold from plaintiff the possession of said premises. To this complaint the defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant, Leander Anderson, answering the complaint, denied plaintiff's allegations of ownership of the claim, and, as an affirmative defense, alleged that the defendant, by himself and his grantors, had been in the uninterrupted, exclusive, hostile, adverse, and notorious possession of certain described real property, including the premises claimed by the plaintiff, for a period in excess of 12 years prior to the bringing of the action. It was further alleged that the cause of action alleged in the complaint did not accrue at any time within 10 years before the commencement of the action.

It was stipulated between the parties to the action that the patent for the claim in controversy was issued on December 26, 1890, to M. W. Murry, and that plaintiff, by divers mesne conveyances, had all the rights which Murry had under the patent. There was also a reference to take further testimony, and, upon the stipulation and a report by the referee, the court found that the defendant had been in the possession of the premises for a period of more than 10 years, and that the plaintiff had not brought his action within 10 years, the period of limitation fixed by law, and thereupon the court entered a judgment dismissing the action. From this judgment plaintiff in error prosecutes the present writ of error.

R. F. Lewis, E. S. Pillsbury, Pillsbury, Madison & Sutro, and John G. Heid (Alfred Sutro, of counsel), for plaintiff in error.

Winn & Gillette and John R. Winn (Charles B. Marks, of counsel), for defendant in error, Leander Anderson.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts). The act of Congress making further provision for a civil government for Alaska, approved June 6, 1900 (chapter 786, 31 Stat. 321), provides, in section 4 of title 2, that no action shall be maintained for the recovery of real property, or for the recovery of the possession thereof, unless it shall appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the premises in question within 10 years before the commencement of the action. In Tyee Consolidated Mining Co. v. Langstedt (C. C. A.) 136 Fed. 124, this court held that in the territory of Alaska adverse possession of a mining claim, as against the locator thereof or his successors in interest, could not be initiated at any time before the issuance of the patent therefor by the United States. In the present case the patent was issued to the plaintiff's grantor

on December 26, 1890. At that time the laws of Oregon were, so far as applicable, in force in the territory of Alaska, by the provisions of section 7 of the act of Congress of May 17, 1884 (chapter 53, 23 Stat. 24; 25). The statute of limitations of Oregon relating to the commencement of actions to recover real property or the possession thereof is a period of 10 years. The act of Congress approved May 17, 1884 (chapter 53, 23 Stat. 24), had made the general laws of the state of Oregon the law in the District of Alaska, so far as the same might be applicable and not in conflict with the provisions of the act of Congress or the laws of the United States. The Alaska Code of Civil Procedure contained in the act of June 6, 1900, re-enacted the Oregon Code of Civil Procedure, with some changes to conform to the new system of government established by the act. Sections 3 and 4 of title 2 of the Alaska Code are almost exact copies of sections 3 and 4 of the Oregon Code of Civil Procedure. In section 4 of both Codes there is this proviso:

"In all cases where a cause of action has already accrued, and the period provided in this section within which an action may be brought has expired, or will expire within one year from the approval of this act, an action may be brought on such cause of action within one year from the date of the approval of the act."

When this proviso was first introduced into the law of Alaska by the act of May 17, 1884, as part of section 4 of the Oregon Code, it served the purpose of preventing the injustice of suddenly introducing a statute of limitations into a new country. The proviso is a usual one in connection with statutes of limitations, and is intended to preserve whatever existing rights there may be at the time of their enactment for a short period, to enable parties to submit whatever claim of right they may have to the court for determination. This proviso served this purpose in the Oregon Code, and also at the time this Code was originally adopted for Alaska. But there was no necessity for it in the re-enacted Code of Civil Procedure contained in the act of June 6, 1900. It had served its purpose once, and there was no need for it a second time. The act of June 6, 1900, did nothing more than re-enact and print in the statutes of the United States the Code of Civil Procedure of Alaska which had been in force in that territory since May 17, 1884, and was plainly intended to add nothing to what had previously existed under that statute. The period of limitation for the commencement of this action expired under this statute on December 26, 1900, and, as this action was not commenced until June 3, 1901, it was properly dismissed.

The judgment of the court below is affirmed.